Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Corey Barnette*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-111-ELG |
| | ) | (Chapter 12) |
| COREY BARNETTE | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION TO CONVERT TO CHAPTER 11
AND ELECT SUBCHAPTER V DESIGNATION**

Comes now Corey Barnette ("Mr. Barnette" or the "Debtor"), by and through undersigned counsel, pursuant to Section 1208 of Title 11 of the United States Code, and moves to convert this case to a proceeding under subchapter V of Chapter 11 of Title 11 of the United States Code, and in support thereof states as follows:

**I.    Introduction**

This Honorable Court has found Mr. Barnette to be ineligible for Chapter 12 relief, DE #42, but in so doing has afforded the Debtor the opportunity to seek conversion to another chapter of Title 11 of the United States Code (the "Bankruptcy Code"). Insofar as the plan of reorganization proposed herein (the "Plan," as found at DE #26) closely—albeit not precisely—resembles one that could be proposed by a subchapter V debtor, and insofar as the Plan can be freely amended in subchapter V, 11 U.S.C. § 1193(a), Mr. Barnette believes it best to proceed as a subchapter V debtor. Doing so will permit him to meaningfully reorganize his affairs, to

1

appropriately marshal resources, and to work toward paying the allowed claims of creditors in an organized and coordinated manner.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged this case be converted to Chapter 11 and designated as a subchapter V proceeding thereunder.

II.   **Argument: Conversion is Appropriate**

This Honorable Court is familiar with the nuances of this case, including some of the blunter realities confronting Mr. Barnette's path to a fresh start. Yet, while Subchapter V expressly disallows the proposal of joint plans, 11 U.S.C. § 1189(a), there still exist high hopes for a consensual reorganization. A subchapter V case will allow the efforts expended in Chapter 12 to roll forward.

Section 1208 of the Bankruptcy Code expressly allows a debtor to convert to Chapter 7, 11 U.S.C. § 1208(a), while also openly contemplating conversion to other chapters so long as "the debtor may be a debtor under such chapter," 11 U.S.C. § 1208(e). Though there exists a split of authorities as to whether the express reference of Chapter 7 is to the necessary exclusion of other chapters, the better weight of authority holds in favor of permitting Chapter 12 debtors to convert to Chapter 11. *See, e.g., In re Cardwell*, 2018 Bankr. LEXIS 3089, at *4 (Bankr. N.D. Tex. Oct. 3, 2018) ("I agree with those cases that hold a court may, within its discretion, allow a debtor under chapter 12 to convert to chapter 11."); *In re Lawless*, 79 B.R. 850, 854 (W.D. Mo. 1987) (". . . this Court tends to agree with the Bankruptcy Court's conclusion that conversion from a Chapter 12 to a Chapter 11 or Chapter 13 should be allowed. . ."); *In re Miller*, 177 B.R. 551, 556 (Bankr. N.D. Ohio 1994) ("This Court fails to see the purpose of this broad language if the only conversion allowed under § 1208 is to Chapter 7. This Court believes this section was intended to apply in the event the Judiciary decided to allow conversion to other chapters."); *In re Orr*, 71 B.R. 639, 643

(Bankr. E.D.N.C. 1987) ("Where a petitioner files for relief under chapter 12 but does not qualify pursuant to 11 U.S.C. § 109(f) for relief under chapter 12, the court may in its discretion permit conversion to chapter 11 where the chapter 12 petition was filed in good faith, creditors will not be prejudiced by the conversion, and conversion would not be otherwise inequitable."); *In re Bird*, 80 B.R. 861, 863 (Bankr. W.D. Mich. 1987) ("This Court believes that 11 U.S.C. § 1208(a) does not prohibit conversion of a Chapter 12 case to a Chapter 11 case."). *But see In re Leonaggeo*, 2023 Bankr. LEXIS 1355, at *10 (Bankr. S.D.N.Y. May 24, 2023) ("This Court declines to accept the permissive reading and finds that conversion from chapter 12 to chapter 11 subchapter V is not possible under section 1208 of the Bankruptcy Code.").

The question, thusly, becomes one of whether or not this Honorable Court should exercise its discretion in permitting a conversion to Chapter 11, with such discretion being guided by the good faith nature of this case and any inequities of conversion. *Orr*, 71 B.R. at 643. Notwithstanding the very notable protestations of the United States Trustee, stemming from Mr. Barnette's chosen profession, this is clearly a good faith filing under just about any subjective assessment: Mr. Barnette sought bankruptcy relief when he found himself confronting a large litigation judgment, stemming from his professional endeavors, and is earnestly looking to use the bankruptcy process to reorganize so that he may liquidate litigation assets so as to pay litigation liabilities. He needs the time and space of bankruptcy to effectively liquidate those litigation assets and, as a necessary byproduct of such, his creditors are uniformly best served through Mr. Barnette staying in bankruptcy.

To be sure, it is not merely that conversion will not prejudice creditors; it is, too, that dismissal *would* prejudice creditors. Should Mr. Barnette lose the protections of Section 362 of the Bankruptcy Code, his litigation rights—likely his most valuable asset—would face potentially

3

irreparable jeopardization. So preserving Mr. Barnette's estate is critical to not only his best interests but, too, those of creditors.

Finally, while Mr. Barnette respects this Honorable Court's ruling that he is not eligible to proceed under Chapter 12, the Debtor is, quite assuredly, eligible to proceed under subchapter V. Mr. Barnette is engaged in business activities through his ongoing ownership—and operation of—an entity devoted to the growth and cultivation of herbal products strategically used to ameliorate chronic discomfort, has aggregate noncontingent debts of less than $3,024,725, owes the majority of his debts on account of business activities, is not amongst a group of affiliated debtors, is not a corporation subject to certain reporting requirements under the Securities Exchange Act of 1934, and is not affiliated with a corporation holding such reporting requirements. 11 U.S.C. § 101(51); 11 U.S.C. § 1182.

WHEREFORE, Mr. Barnette respectfully prays this Honorable Court (i) convert this to a proceeding under subchapter V of Chapter 11 of Title 11 of the United States Code; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 15, 2024     By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

*[Certificate of Service on Following Page]*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of September, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig
