Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Corey Barnette*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-111-ELG |
| | ) | (Chapter 12) |
| COREY BARNETTE | ) | |
| | ) | |
| Debtor. | ) | |

## SECTION 1188(c) REPORT

Comes now Corey Barnette ("Mr. Barnette" or the "Debtor"), by and through undersigned counsel, pursuant to Section 1188 of Title 11 of the United States Code, and reports as follows:

### I.     Case Background

> They'll stone you when you're tryin' to make a buck
> Then they'll stone you and then they'll say "good luck"
> Tell ya what, I would not feel so all alone
> Everybody must get stoned

Robert "Bob" Dylan (née Zimmerman), Rainy Day Women Nos. 12 & 35 (Columbia Records 1966).

Like so many cases in this Honorable Court, Mr. Barnette's reorganizational arc is one rooted in the travails of a hardworking individual who built a business and had the gumption to explore expansion, only to encounter an Icarus-esque descent through the melting wax of personal liability. The business presently helmed by Mr. Barnette—District Growers, LLC—may not be a current model of market dominance, but none of the liabilities associated therewith invited the

filing of this case. It was, rather, the Debtor's ill-fated venture into California, and suboptimal legal advice received in the Golden State, that occasioned judgment liability of more than $1 million in connection with a farmland lease for an entity that never managed to so much as commence operations.

That suboptimal legal advice is shared herein not as a slight directed at a California attorney but, rather, as a critical component of this case: the judgment suffered by Mr. Barnette and others is one that, almost by definition, invites an offsetting professional liability claim against a lawyer who appears to have botched a corporate formation. That error is critical, even if likely not malicious: had an entity been properly (and timely) formed, the individuals at the helm of the westerly cultivation operation would have been protected by the corporate shield at the heart of the American legal system. But, alas, the subject entity was not properly and timely formed, exposing the would-be company's proprietors to individual liability on a lease bereft of any personal guarantees.

Mr. Barnette thusly enters bankruptcy with a healthy array of debts, one of which stands out as being particularly hefty and necessitating reorganizational attention. This case was filed when the countervailing professional liability action risked procedural demise; through Chapter 11, Mr. Barnette hopes to optimize his recovery on one claim to satisfy his obligations on another claim, all the while focusing on his operation of a local business so as to produce a healthy revenue stream that can be used to supplement his efforts to monetize a litigation claim.

II.   **Plan Efforts**

The procedural posture of this case is a touch unorthodox, insofar as Mr. Barnette has already proposed a plan of reorganization, albeit one tethered to the idiosyncrasies of Chapter 12.

The plan will need to be amended before being balloted, though it is reasonably anticipated such amendment will be soon forthcoming; the crux of the plan is unlikely to be materially altered.

In terms of efforts to make the plan consensual, Mr. Barnette will continue to work—through counsel—to facilitate substantive discussions both with the largest creditor herein and with any other stakeholders who may show an interest in this case. Equally, while this matter was not originally filed under Chapter 11, there is a sincere hope that conversion may ultimately prove beneficial, both in terms of allowing some greater flexibility in connection with certain plan provisions and in bringing a topnotch trustee to this case. The Debtor assuredly does not look to utilize the Subchapter V trustee as a crutch but is well aware of the help the trustee might be able to provide vis a vis facilitating substantive discussions about the contours of a potentially-consensual plan.

To be sure, Mr. Barnette is open to any number of options in this case. He is content with an income-based plan, albeit aware that such an effort is unlikely to please creditors. He is content to pursue litigation for the benefit of creditors. He is content to assign litigation rights to a trust, if permissible without running afoul of restrictions on champerty, for the benefit of creditors. And he is assuredly content to settle the litigation at an appropriate sum prior to confirming a plan, if such can be done in a manner that does not involve the counterparty demanding a bankruptcy-centric discount.

Finally, it bears notation that Mr. Barnette is aware a motion to dismiss may yet be filed herein and, if such does occur, plan progress may be slightly stalled in the process. The Debtor has an abiding hope that with this case no longer being in Chapter 12, and with the other dismissal-centric issues having been previously briefed, no such effort will be made. This hope is bolstered by the time that has now passed without any such motion being docketed. But, in the spirit of the

above-quoted lyrics of Duluth, Minnesota's Nobel laureate, Mr. Barnette also realizes there would be folly in assuming the path to confirmation will be seamless, and he is well prepared to absorb any attacks along the way, just as do so many other debtors.

Respectfully submitted,

Dated: October 24, 2024   By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of October, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig